# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MILANO OF CLEVELAND, LLC, | ) | Case No. 1:25-cv-264 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | James E. Grimes, Jr. |
| MILANO GENTS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiff Milano of Cleveland, LLC seeks an order requiring Defendant Milano Gents, LLC to enforce a settlement agreement and awarding Plaintiff attorneys' fees, costs, and expenses associated with enforcing the settlement agreement. For the reasons that follow, the Court **GRANTS** Plaintiff's motion to enforce and **AWARDS** Plaintiff $7,043.00 in reasonable attorneys' fees, costs, and expenses.

## BACKGROUND

On February 12, 2025, Plaintiff Milano of Cleveland, LLC sued Defendant Milano Gents, LLC for trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), Section 4165.02 of the Ohio Revised Code, and Ohio common law. (ECF No. 1.) Plaintiff moved for a temporary restraining order and a preliminary injunction. (ECF No. 3.) The Court scheduled a hearing on Plaintiff's motion for a temporary restraining order on February 19, 2025. (ECF No. 7.) Before the hearing, counsel conferred and came to an agreement resolving the case, which they reduced

to a memorandum of understanding. (ECF No. 11.) The Court granted counsel's joint request for a stay of 45 days. (*Id.*)

On April 7, 2025, the parties filed a joint status report stating that they had memorialized their agreement in a formal settlement agreement effective February 21, 2025. (ECF No. 13.) However, due to alleged noncompliance with the agreement, Plaintiff did not dismiss the action. (*Id.*) Instead, Plaintiff requested that the Court lift the stay and schedule a status conference to set a briefing schedule for a motion to enforce the settlement agreement. (*Id.*)

The Court set a hearing for April 10, 2025 and ordered the signatories to the settlement agreement to appear in addition to counsel. (ECF No. 14.) Counsel and a client representative for Plaintiff appeared at the hearing. (ECF No. 16, PageID #79.) But counsel for Defendant did not appear until over an hour after the time set for the hearing and, when counsel eventually appeared, no client representative for Defendant appeared at all. (*Id.*) For the reasons stated on the record and in its Order, the Court imposed sanctions pursuant to Rule 16(f). (*Id.*, PageID #80.) Then, the Court confirmed that the parties entered into a settlement agreement and set a briefing schedule for Plaintiff's motion to enforce. (*Id.*) In that motion, Plaintiff seeks an order requiring Defendant to perform under the settlement agreement and awarding Plaintiff attorneys' fees, costs, and expenses incurring in seeking to enforce the settlement agreement. (ECF No. 21)

## DISCUSSION

District courts exercise an "inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case." *Kukla v. National Distillers Prods. Co.*, 483 F.2d 619, 621 (6th Cir. 1973) (quoting *Cia Anon Venezolana De Navegacion v. Harris*, 374 F.2d 33, 36 (5th Cir. 1967)). Ordinarily, the court must conduct an evidentiary hearing where the parties dispute facts material to an agreement. *RE/MAX Intern., Inc. v. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir. 2001) (citing *Kukla*, 483 F.2d at 622; and *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976)). But "no evidentiary hearing is required where an agreement is clear and unambiguous and no issue of fact is present." *Id.* (citing *Aro Corp*, 531 F.2d at 1372). Therefore, a court may summarily enforce a settlement agreement where "no substantial dispute exists" regarding its terms and the parties' entry into it. *Id.* (citing *Kukla*, 483 F.2d at 621).

Here, the parties do not dispute the terms of the settlement agreement, that the parties entered into it, or the facts of Defendant's conduct. Instead, the parties contest (1) whether Defendant's conduct constituted compliance with the settlement agreement and (2) whether Plaintiff sufficiently supported its request for attorneys' fees. The Court considers each issue in turn.

### I. Compliance with the Settlement Agreement

By its undisputed terms, the settlement agreement requires Defendant to "remove reference to 'Milano' from its store signage, excluding fixtures," and "change any social media or other advertising regarding its [stores] to remove reference to the word 'Milano'" within 14 days of the effective date, February 21, 2025—that is, by

3

March 7, 2025. (ECF No. 22, ¶ 2(a), PageID #130; ECF No. 21-1, PageID #98.) Within 30 days of the effective date—that is, by March 23, 2025—Defendant was to "remove any fixtures that contain the word 'Milano' and cease using the word 'Milano,' any variation of the word 'Milano,' or any mark confusingly similar to 'Milano Menswear' in connection with its [stores]." (ECF No. 22, ¶ 2(b), PageID #130–31; ECF No. 21-1, PageID #98.)

In support of its motion to enforce, Plaintiff submitted affidavits from employees who observed that Defendant continued using the name "Milano" in advertising displays, signage, packaging, and other areas of its stores until at least April 11, 2025 (ECF No 21-4, ¶¶ 6–7, 11–13, 17–19, PageID #110–11; ECF No. 21-5, ¶¶ 5, 7, 11–12, PageID # 120–21), despite notice of the breach on March 26, 2025 and again on April 5, 2025 (ECF No. 21-2, ¶¶ 5–6, PageID #106). By April 22, 2025, Defendant removed references to the word "Milano" from its stores but had not taken down social media posts that used the word. (ECF No. 21-4, ¶¶ 20–21, PageID #111.) On April 25, 2025, Plaintiff moved to enforce.

Defendant does not contest any of these facts. Instead, Defendant argues that Plaintiff's motion is moot as to the physical stores because of its compliance by April 22, 2025 and that the settlement agreement does not apply to social media posts created before the settlement agreement. (ECF No. 23, PageID #137–38.) Additionally, because Defendant deleted all remaining usage of the word "Milano" on its social media "in a good faith effort to resolve this matter," Defendant argues that the motion is also moot as to social media. (*Id.*, PageID #138.)

4

Defendant's argument is flawed in two respects. First, "'voluntary cessation does not moot a case' unless it is 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *West Virginia v. EPA*, 597 U.S. 697, 720 (2022) (quoting *Parents Involved in Community Schools v. Seattle School Dist. No. 1*, 551 U.S. 701, 719 (2007)). Here, Defendant dragged its feet past the contractual deadlines for compliance, even after two notices of noncompliance from Plaintiff, then only fully complied after Plaintiff returned to Court. Even then, Defendant argued that it could continue to use the name "Milano" on social media—despite the settlement agreement's plain language requiring Defendant to "change any social media or other advertising." (ECF No. 22, ¶ 2(a), PageID #130.) This language equates social media posts, regardless of when posted, with advertising and gives the lie to Defendant's argument that it somehow complied with this provision while nonetheless maintaining its historical social media posts using the "Milano" name. Finally, Defendant began using the name "Lomani"—something of a gesture at compliance, perhaps malicious compliance. If anything, juxtaposing the old name and the new one on social media only increases the association between the two.Accordingly, the record forecloses any finding that Defendant met the "heavy" burden of demonstrating mootness through voluntary cessation. *Parents Involved*, 551 U.S. at 719.

Second, the terms of the settlement agreement allow Plaintiff to move for its fees, costs, and expenses under these circumstances. The settlement agreement provides that, if a party moves to enforce its terms, "the prevailing party will be

5

entitled to recover its reasonable attorneys' fees, costs, and expenses from the other party, in addition to any other relief to which the prevailing party may be entitled." (ECF No. 22, ¶ 7, PageID #131; ECF No. 21-1, PageID #101.) There is a "present, live controversy" over application of this provision. *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009). Accordingly, Plaintiff's motion is not moot.

For all of these reasons, the Court concludes that Defendant breached the settlement agreement by failing to remove references to "Milano" from its store signage, social media, and other advertising by the contractual deadline and that the dispute has not become moot.

## II. Request for Attorneys' Fees and Costs

As the prevailing party, the settlement agreement entitles Plaintiff to "reasonable attorneys' fees, costs, and expenses from the other party." (ECF No. 22, ¶ 7, PageID #131; ECF No. 21-1, PageID #101.) Plaintiff represents that it has incurred $5,753.00 in attorneys' fees and $1,290.00 in costs and expenses, for a total of $7,043.00. (ECF No. 21-1, PageID #101.) It supports its attorneys' fees calculation with an affidavit from counsel setting out the hourly rates of each attorney who worked on the case and the number of hours he or she worked. (ECF No. 21-3, ¶¶ 7–10, PageID #106.) It supports its calculation of costs and expenses with an affidavit from its owner enumerating travel costs and wages for employees who traveled to Defendants' stores to observe whether Defendant complied with the settlement agreement. (ECF No. 21-6, ¶¶ 3–6, PageID #128.)

Defendant does not dispute the validity or applicability of the contractual provision. Nor does it contest Plaintiff's calculations of its costs and expenses.

6

Defendant argues only that Plaintiff has not established that its attorneys' fees are reasonable. (ECF No. 23, PageID #136–37.) For its part, Plaintiff observes that it claims less than twelve hours of attorney work, more than half of which it attributes to the attorney with the lowest hourly rate, cites a number of cases from federal district courts in Ohio finding that the rates its counsel charged are within the range of market rates, and maintains that its attorneys spent those hours on reasonable activities, such as contacting Defendant's counsel to attempt resolution of the noncompliance and drafting the motion to enforce. (ECF No. 24, PageID #146–47.) Also, Plaintiff estimates that it spent two additional hours reviewing Defendant's brief in opposition and drafting its reply in support of its motion. (*Id.*, PageID #147 n.3.)

Based on the Court's experience and its management of the case, it finds that Plaintiff's calculation of its attorneys' fees and the rates of its counsel are reasonable. A modest number of attorneys charging typical rates litigated this motion through a reasonable expenditure of time and effort. Accordingly, the Court enforces Paragraph 7 of the settlement agreement and awards Plaintiff $7,043.00 in attorneys' fees, costs, and expenses. Upon submission of a reasonable estimate for the additional hours spent preparing the reply brief, the Court is prepared to award that additional amount as well, if necessary.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to enforce the settlement enforcement (ECF No. 21) and **AWARDS** Plaintiff $7,043.00 in reasonable attorneys' fees, costs, and expenses.

**SO ORDERED.**

Dated:  May 28, 2025

---

J. Philip Calabrese
United States District Judge
Northern District of Ohio